439 N.E.2d 725 (1982)
In the matter of N.J.R., Appellant (Respondent below),
v.
STATE of Indiana, Appellee (Petitioner below).
No. 2-481A106.
Court of Appeals of Indiana, Second District.
September 16, 1982.
Kenneth J. Falk, Donald R. Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.
Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.
SHIELDS, Judge.
N.J.R., a juvenile, was brought before the Juvenile Division of the Superior Court of Marion County on November 13, 1980 pursuant to a petition alleging criminal contempt for violating a lawful court order by running away from a court placement. At the conclusion of her initial hearing held that same day the referee made a finding of probable cause to believe N.J.R. was a delinquent child in that she committed an act that would be a crime [sic] if committed by an adult: criminal contempt. The petition was ordered filed and set for a denial hearing. The court further ordered N.J.R. detained at the Juvenile Center[1] until further order. The action of the referee was approved by the juvenile court on November 14, 1980. N.J.R.'s motion to reconsider her detention, filed November 20, 1980, was denied December 1, 1980 by the referee and approved by the court on December 2, 1980. At the conclusion of her denial hearing held December 8, 1980, the referee found the allegations of the petition were true. Her disposition hearing occurred on January 7, 1981. The motion to correct error was filed and denied on February 6, 1981.
On appeal N.J.R. attacks the court ordered detention of November 14, 1980 in a secure facility as contrary to law.[2]
We affirm.
*726 Before reaching the merits the state raises procedural impediments which we must address. It first claims N.J.R.'s motion to correct error was untimely because the "order which precipitated the harm complained of was that of November 14, 1980...", the practical effect of which was a judgment of contempt resulting in N.J.R.'s incarceration. We disagree.
The initial hearing resulted in a finding of probable cause to believe N.J.R. was a delinquent child and not in a finding that the allegations of the petition were true. Consequently, the order of November 14, 1980 was not an adjudication on the merits. That adjudication followed the denial hearing held December 8, 1980. The critical time is the date of her disposition. I.C. XX-X-X-XX (Burns Code Ed., Repl. 1980) provides:
"Appeals may be taken as provided by law."
That section is supplemented by I.C. 31-6-7-1(a) which provides
"In cases in which a child is alleged to be a delinquent child, the procedures governing criminal trials apply in all matters not covered by this article."
The foregoing sections effectively implement Ind. Rules of Procedure, Criminal Rule 16, as a procedural condition to an appeal. That rule allowed N.J.R. sixty (60) days from the date of sentencing, here the date of her disposition, to file a motion to correct error. She complied with this mandate and her motion was therefore timely.
The state also argues N.J.R.'s appeal is moot because her "sentence" has been served. This argument is misplaced because N.J.R.'s detention was not a "sentence." Furthermore, this case presents a compelling need for resolution because otherwise the issue would be capable of repetition and yet evade review. Detention is, of course, by its nature temporary because it is predispositional. Therefore, in each case, a claimed detention in violation of law will always be moot in the normal course of appellate review because the disposition determinates detention. However, to permit juveniles' detention under unlawful procedures is repugnant to any concept of justice.
Therefore, we reach the merits and hold the juvenile court erred in detaining N.J.R. in a secure facility following her initial hearing.
The underlying basis for N.J.R.'s detention set forth in the court order of November 14, 1980 was probable cause to believe she was a delinquent child in that she had committed an act that would be a "crime" if committed by an adult. The specific alleged delinquent act was criminal contempt.
I.C. 31-6-4-6.5(b) does allow a child alleged to be delinquent because of an act which would be an offense if committed by an adult to be held in a secure facility.[3] However, criminal contempt is not such an offense. T.T. v. State, (filed August 30, *727 1982) Ind. App. ___ N.E.2d ___, No. 2-1281-A-417; Niemeyer v. McCarty, (1943) 221 Ind. 688, 51 N.E.2d 365. Similarly, the act underlying the contempt, leaving home without reasonable cause and without permission of a parent, guardian, or custodian who requests the child return, cannot be an offense committed by an adult. Therefore, N.J.R.'s detention was not authorized by I.C. 31-6-4-6.5(b).[4]
Although the trial court committed error in ordering N.J.R.'s detention in its order of November 13, 1980, we do not have any effective or practical means of remedying the violation of N.J.R.'s rights at this point in time. Accordingly, and because N.J.R. does not attack any other aspect of her adjudication, we affirm the trial court's final judgment.
BUCHANAN, C.J., and SULLIVAN, J., concur.
NOTES
[1] The parties agree the Juvenile Center is a secure facility. See I.C. 31-6-1-2 (Burns Code Ed., Repl. 1980).
[2] N.J.R.'s attack on her placement after she was adjudicated a delinquent child is waived by its omission from her motion to correct error. Williams v. State, (1981) Ind. App., 427 N.E.2d 708.
[3] I.C. 31-6-4-6.5 (Burns Code Ed., Repl. 1980) reads:

"(a) A child alleged to be a delinquent child under IC 31-6-4-1(b)(2), except as provided in subsection (c), or a child alleged to be a child in need of services may not be held in:
(1) A secure facility; or
(2) A shelter care facility that houses persons charged with, imprisoned for, or incarcerated for crimes.
(b) A child alleged to be a delinquent child under IC 31-6-4-1(b)(1) may be held in a secure facility, but whenever practical, he shall be detained in a shelter care facility. If he is detained in a secure facility, he must be restricted to an area of that facility in which he has no more than incidental contact with persons charged with, imprisoned for, or incarcerated for crimes.
(c) A child who is alleged to be a delinquent child because of an act under IC 31-6-4-1(a)(2) may be held in secure detention for forty-eight [48] hours. If the child is detained in a secure facility, he must be restricted to an area of that facility in which he has no more than incidental contact with persons charged with, imprisoned for, or incarcerated for crimes."
I.C. 31-6-4-1 reads:
"(a) A child commits a delinquent act if, before his eighteenth birthday, he:
(1) Commits an act that would be an offense if committed by an adult;
(2) Leaves home without reasonable cause and without permission of his parent, guardian, or custodian who requests his return;
(3) Violates the compulsory school attendance law [IC 20-8.1-3[20-8.X-X-X-XX-X.12-27]);
(4) Habitually disobeys the reasonable and lawful commands of his parent, guardian, or custodian;
(5) Commits a curfew violation; or
(6) Violates IC 7.1-5-7 [7.X-X-X-X-X.1-5-7-14].
(b) A child is a delinquent child if, before his eighteenth birthday, he:
(1) Commits a delinquent act defined by subdivision (a)(1); or
(2) Commits a delinquent act defined by subdivision (a)(2), (a)(3), (a)(4), (a)(5), or (a)(6) and needs care, treatment, or rehabilitation that he is not receiving, that he is unlikely to accept voluntarily, and that is unlikely to be provided or accepted without the coercive intervention of the court."
[4] We make two further observations:

1. The underlying basis for N.J.R.'s criminal contempt was running away from a court ordered placement. This conduct constitutes a delinquent act under I.C. 31-6-4-1(a)(2), which can then be the basis for a determination that the juvenile is a delinquent child under I.C. 31-6-4-1(b)(2) if coupled with the additional finding that the juvenile needs care, treatment, or rehabilitation. The juvenile code provides a child alleged delinquent under I.C. 31-6-4-1(b)(2), who is a runaway, may be held in secure detention for forty-eight (48) hours. I.C. 31-6-4-6.5(c).
2. Acts 1982, P.L. 184, § I added subsection (m) to I.C. XX-X-X-XX. It reads:
"If: (1) a child is found to be a delinquent child because he has committed a delinquent act under section 1(a)(2) of this chapter;
(2) the child has previously violated a valid court ordered shelter care placement (with respect to a previous delinquent act under section 1(a)(2) of this chapter); and
(3) the child's physical and mental condition may be endangered if the child is not placed in a secure facility; the juvenile court may place him in a secure private facility for children licensed under the laws of any state (placement under this alternative includes authorization to control and discipline the child) or award wardship to the department of correction for housing in any correctional facility for children (such wardship does not include the right to consent to the child's adoption). Without a determination of unavailable housing by the department of correction, a child found to be a delinquent child under this subsection and placed in a secure private facility or the department of correction may not be housed with any child found to be delinquent under any other section of this chapter. The juvenile court shall retain jurisdiction over any placement under this subsection and shall review each placement every three (3) months to determine whether placement in a secure facility remains appropriate."
Section 1(a)(2) refers to IC 31-6-4-1(a)(2):
"A child commits a delinquent act if, before his eighteenth birthday, he: (2) leaves home without reasonable cause and without permission of his parent, guardian, or custodian who requests his return[.]"