v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0412–JV–683.

Court of Appeals of Indiana.

Sept. 8, 2005.

Katherine A. Cornelius, Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Judge.

G.N. appeals an adjudication finding him to be delinquent for truancy. G.N. raises two issues, which we revise and restate as:

I. Whether the trial court abused its discretion by denying G.N.'s request for a continuance; and

II. Whether the evidence is sufficient to sustain G.N.'s adjudication.

We affirm.

The facts most favorable to the adjudication follow. During the school year of 2003–2004, G.N., a thirteen-year-old, attended John Marshall Middle School. G.N. had fifteen unexcused absences from September 2003 through December 2003. G.N.'s stepfather, Shawn Savage, claimed that eleven of the absences were due to doctor appointments for either G.N.'s broken hand or for his eczema, two absences were due to an in-school suspension as a result of a late bus, and two absences were due to an in-school suspension as a result of G.N. violating the school dress code. G.N.'s stepfather claimed that he provided

the school with written medical excuses for the days G.N. had doctor appointments.

On January 13, 2004, the State filed a petition alleging that G.N. was a delinquent child for violating Ind.Code § 20–8.1–3–17 (2004), the compulsory school attendance law. The State alleged that:

On or about the 18th day of December, 2003, [G.N.] did knowingly violate the Indiana Compulsory Attendance Law: that is: failed to attend John Marshall Middle, on the following dates: 9–4–03, 9–22–03, 9–29–03, 10–17–03, 10–20–03, 10–21–03, 10–27–03, 10–28–03, 10–31–03, 11–6–03, 11–7–03, 11–13–03, 11–14–03, 11–17–03, & 12–15–03.

Appellant's Appendix at 12.

On June 24, 2004, G.N. failed to appear at the initial hearing, and the juvenile court reset the hearing for August 12, 2004. On August 12, 2004, G.N. failed to appear for the initial hearing, and the juvenile court reset the hearing for August 31, 2004. On August 31, 2004, the juvenile court held the initial hearing with G.N. and G.N.'s stepfather present, approved the filing of the petition, and continued the hearing to October 1, 2004. On October 1, 2004, the juvenile court appointed a public defender to represent G.N. and while G.N., G.N.'s stepfather, and a public defender were present, set the denial hearing for November 3, 2004.[1]

At the denial hearing, the public defender moved for a continuance so that medical records could be obtained, which the juvenile court denied. The juvenile court adjudicated G.N. to be a delinquent for violating the compulsory school attendance law. The juvenile court placed G.N. on probation with forty hours of community service and required G.N. to attend all classes and use a sign-in/sign out sheet.

---

1. The August 31, 2004, hearing and October 1, 2004, hearing both contain the following entry "The child now advising the Court that he wishes an attorney, the Court grants the child's request and appoints the Public Defender to represent such child." Appellant's Appendix at 26, 30.

## I.

The first issue is whether the trial court abused its discretion by denying G.N.'s request for a continuance. Ind. Code § 35–36–7–1 (2004) sets forth the procedure for a continuance due to the absence of evidence and provides:

(a) A motion by a defendant to postpone a trial because of the absence of evidence may be made only on affidavit showing:

(1) that the evidence is material;

(2) that due diligence has been used to obtain the evidence; and

(3) the location of the evidence.

\* \* \* \* \*

(d) A defendant must file an affidavit for a continuance not later than five (5) days before the date set for trial. If a defendant fails to file an affidavit by this time, then he must establish, to the satisfaction of the court, that he is not at fault for failing to file the affidavit at an earlier date.

The following exchange occurred at the beginning of the denial hearing:

PUBLIC DEFENDER: Your Honor, defense would move for a continuance for the record. Mr. Savage and his wife, parents to my client, have been diligent in trying to obtain medical records that would dispute the charges. Father has presented me with information that is certainly suggestive of exoneration but not conclusive, and so we would ask for a continuance to allow defense counsel to subpoena the physicians involved and acquire the medical records through that process.

THE COURT: State.

THE STATE: For the record Your Honor, [S]tate is ready for trial today.

THE COURT: It looks like the petition was actually filed way back in January.

The dates in question pertain to well over a year ago.

PUBLIC DEFENDER: Yes Your Honor.

THE COURT: At least in some cases. Given the —— of the motion, I'm going to deny the motion for continuance.

Transcript at 1–2. Thus, G.N.'s oral motion for a continuance was not made by affidavit and fell outside the parameters for continuances under Ind.Code § 35–36–7–1.

Rulings on nonstatutory motions for continuance lie within the discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice. *Maxey v. State*, 730 N.E.2d 158, 160 (Ind.2000). An abuse of discretion occurs only where the decision is clearly against the logic and effect of the facts and circumstances. *Palmer v. State*, 704 N.E.2d 124, 127 (Ind.1999). Continuances for additional time to prepare for trial are generally disfavored, and courts should grant such motions only where good cause is shown and such a continuance is in the interest of justice. *Id.*

On appeal, G.N. argues that had the juvenile court granted a continuance, he could have submitted information from three or four different medical facilities verifying that he missed school because of his medical appointments. The State argues that G.N. has failed to show good cause because he failed to demonstrate any attempts were made to obtain the records prior to the date of the denial hearing. We agree.

G.N. relies on *Vance v. State*, 640 N.E.2d 51 (Ind.1994). In *Vance*, the defendant killed his mother on August 9, 1991. *Id.* at 54. The trial court appointed a public defender on Saturday, August 10, 1991. *Id.* On August 12, the State filed a Petition Alleging Delinquency that charged the defendant with murder and

requested that the defendant be waived to adult court. *Id.* Defense counsel objected to proceeding with the waiver hearing and requested a continuance in order to prepare, which the trial court denied. *Id.* On appeal, the defendant argued "that he was entitled to additional time so that his attorney could gather evidence to show that waiver was not appropriate and that the refusal of the trial court to allow additional time violated [his] due process rights." *Id.* at 55. Our supreme court held:

> [U]nder the circumstances here, where a mere two days elapsed between the time counsel was appointed for Vance on Saturday and the waiver hearing on Monday, and where Vance requested a continuance, one was required in order that the statutory full investigation could take place and [the defendant] could marshal[ ] evidence as to why he should remain in the juvenile justice system.

*Id.* G.N. argues, "The error in *Vance* was having a hearing before evidence and a defense could be adequately investigated and presented. In *Vance* the time was two days and in GN's [sic] case it was about four weeks, but the lack of time is the same." Appellant's Brief at 7. We disagree.

We find *Elmore v. State*, 657 N.E.2d 1216 (Ind.1995), instructive and similar to the facts of this case. In *Elmore*, after several lawyers withdrew representation, Elmore's trial counsel entered his initial appearance less than a week before trial was to begin. *Id.* at 1218. The trial court granted a continuance that postponed the trial for one month. *Id.* Counsel requested another continuance, asserting he had not had sufficient time to confer with the client and that, given the seriousness of the charge, more time was required to provide adequate representation. *Id.* Af-

ter the trial court denied the motion, our supreme court held that the trial court "acted well within its discretionary authority in denying the request." *Id.* at 1219.

Here, on January 13, 2004, the State filed a petition alleging that G.N. was a delinquent child for violating Indiana's compulsory school attendance law. On June 24, 2004, and August 12, 2004, G.N. failed to appear for an initial hearing. On October 1, 2004, the juvenile court appointed a public defender to G.N. and set the denial hearing for November 3, 2004. On November ,3, 2004, the public defender moved for a continuance, which the juvenile court denied. Thus, trial counsel had more than one month to prepare for trial. We cannot say that the juvenile court abused its discretion by denying G.N.'s motion for a continuance. *See, e.g., id.*

## II.

■ The second issue is whether the evidence is sufficient to sustain the juvenile court's adjudication of G.N. as a delinquent. When we review sufficiency of the evidence claims with respect to juvenile adjudications, we neither reweigh the evidence nor judge the credibility of the witnesses. *Fields v. State*, 679 N.E.2d 898, 900 (Ind.1997). Rather, we consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Blanche v. State*, 690 N.E.2d 709, 712 (Ind.1998). A finding by a juvenile court adjudicating a child to be a delinquent for violation of the compulsory school attendance law must be based upon proof beyond a reasonable doubt. *See* Ind. Code § 31–37–2–4 (2004), Ind.Code § 31–37–14–1 (2004).[2]

---

**2.** Ind.Code § 31–37–2–4 (2004) provides, "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child

violates IC 20–8.1–3 concerning compulsory school attendance." Ind.Code § 31–37–14–1

The compulsory school attendance statute, Ind.Code § 20–8.1–3–17, provides, in pertinent part:

> (a) Subject to the specific exceptions under this chapter, each individual shall attend either a public school which the individual is entitled to attend under IC 20–8.1–6.1 or some other school which is taught in the English language.

The burden is on the juvenile to show that one of the exceptions applies. See *Day v. State*, 251 Ind. 399, 402, 241 N.E.2d 357, 359 (1968) (holding that when an offense is created by statute and another statute or another section of the statute makes exceptions thereto, it is not incumbent upon the state to prove the exceptions); *State v. O'Dell*, 187 Ind. 84, 88, 118 N.E. 529, 531 (1918) (holding that a compulsory attendance statute recognizes exceptions to its operation and "the burden rests on the defendant to avail himself to the exception, if any, which is applicable to his case, since proof thereof is a matter of affirmative defense"). Thus, the State was required to show that G.N. failed to attend school while it was in session to prove a violation of the compulsory school attendance law and G.N. was required to prove an exception applies.

G.N. also argues that the testimony of G.N.'s stepfather should be sufficient to prove that G.N. had a medical excuse and the State had the burden to show an excuse did not exist. We disagree. G.N. had the burden to show that he fell into one of the exceptions. *See Stanley v. State*, 252 Ind. 37, 41, 245 N.E.2d 149, 151 (1969) (holding that it is not incumbent

upon the State to prove all possible exceptions or to by affirmative evidence negate every conceivable hypothesis). Further, we cannot reweigh the evidence to conclude that the testimony of G.N.'s stepfather created an excused absence. *See Fields*, 679 N.E.2d at 900.

G.N. also argues that, based on Savage's testimony, two of G.N.'s fifteen unexcused absences were actually suspensions, which cannot count as unexcused absences. The State argues that the juvenile court could have disbelieved the claim of suspensions and relied upon the evidence of unexcused absences presented in State's Exhibit 1. We agree. G.N. merely asks that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *K.D. v. State*, 754 N.E.2d 36, 38–39 (Ind. Ct.App.2001) (citing *Jones v. State*, 701 N.E.2d 863, 867 (Ind.Ct.App.1998)).

The evidence presented was sufficient to show G.N. violated the school compulsory attendance law. The affidavit for probable cause states:

> Susan Edwards, Social Worker swears or affirms that he/she believes and has good cause to believe from his/her investigation learned from reliable persons the following facts and attending circumstances that: Susan Edwards, Social Worker in his/her capacity as Social Worker for John Marshall Middle School has access to official records of school attendance indicating that [G.N.] d/o/b 11/12/90 was absent from school without excuse on the following days: 9/4/03, 9/22/03, 9/29/03, 10/17/03, 10/20/03, 10/21/03, 10/27/03, 10/28/03,

provides, "A finding by a juvenile court that a child committed a delinquent act, or that an adult committed a crime, must be based upon proof beyond a reasonable doubt." Ind.Code § 31–37–2–4 and Ind.Code § 31–37–14–1 were enacted in 1997. This differs from the standard pronounced in *Simmons v. State*,

175 Ind.App. 333, 340, 371 N.E.2d 1316, 1322 (1978), prior to the enactment of Ind. Code § 31–37–14–1, in which we held that if a child is charged with an act of delinquency which is not a crime, the standard of proof required is a fair preponderance of the evidence.

10/31/03, 11/06/03, 11/7/03, 11/13/03, 11/14/03, 11/17/03, and 12/15/03.

State's Exhibit 1 at 2. The attendance record reveals that fifteen days have the notation "U" and four days have the notation "S." A legend on the bottom of the attendance record indicates that "U" means "UNEXCUSED" and "S" means "SUSPENSIONS." Thus, the school records show that G.N. had fifteen unexcused absences from September 2003 through December 2003. Accordingly, we find that probative evidence exists to support G.N.'s adjudication as a delinquent for truancy.

For the foregoing reasons, we affirm the juvenile court's adjudication of G.N. as a delinquent for violating the school compulsory attendance law.

Affirmed.

VAIDIK, J., and MAY, J., concur.