839 N.E.2d 1282 (2005)
R.B., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A02-0504-JV-317.
Court of Appeals of Indiana.
December 30, 2005.
*1283 Elizabeth A. Gabig, Marion County Public Defender Agency, Indianapolis, for Appellant.
Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, for Appellee.

OPINION
BAILEY, Judge.

Case Summary
Appellant-Respondent R.B. ("R.B.") appeals his delinquent child adjudication for truancy, a status offense.[1] We affirm.

Issue
R.B. raises one issue, which we restate as whether the evidence is sufficient to sustain his adjudication.

Facts and Procedural History
In the fall of 2004, R.B. was an eighth grader at T.C. Howe Academy ("Howe") in Indianapolis, Indiana. During that fall semester, he had numerous unexcused absences.
On November 30, 2004, R.B. was charged with the status offense of truancy for violating the compulsory school attendance law. A denial hearing was held on March 7, 2005. The court entered into evidence as State's Exhibit 1 a sworn, certified affidavit (i.e., R.B.'s attendance record) showing that, by the end of the fall semester, R.B. had twenty-three full-day unexcused absences. The court adjudicated R.B. a delinquent for truancy. He now appeals.[2]

Discussion and Decision

1. Standard of Review
On appeal, R.B. claims that the evidence is insufficient to support his adjudication as a delinquent for truancy. When reviewing a claim of insufficient evidence regarding juvenile delinquency adjudications, we neither reweigh the evidence nor judge witness credibility, and we only consider the evidence and reasonable inferences favorable to the judgment. B.R. v. State, 823 N.E.2d 301, 306 (Ind.Ct.App.2005). We will affirm if there is substantial evidence of probative value to support the judgment. G.N. v. State, 833 N.E.2d 1071, 1075 (Ind.Ct.App.2005). A finding by a juvenile court adjudicating a child to be a delinquent for violation of the compulsory school attendance law must be based upon proof beyond a reasonable doubt. See Ind.Code § 31-37-14-1.

2. Background
In the area of juvenile law, the Indiana General Assembly has chosen to treat juveniles differently based upon the severity of the act committed. That is, juveniles are more easily adjudicated delinquent for the commission of "criminal offenses" under Indiana Code Chapter 31-37-1, et seq. than for "status offenses" under Chapter 31-37-2, et seq. A.D. v. State, 736 N.E.2d 1274, 1277 (Ind.Ct.App.2000).
Criminal offenses are governed by Section 31-37-1-1: "A child is a delinquent child if, before becoming eighteen (18) years of age, the child commits a delinquent *1284 act described in this chapter." "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child commits an act that would be an offense if committed by an adult, except an act committed by a person over which the juvenile court lacks jurisdiction under IC 31-30-1." Ind.Code § 31-37-1-2. In other words, a court may adjudicate a juvenile delinquent based on the act alone if the act is one that would be a crime if committed by an adult.
If the act is one that would not be a crime if committed by an adult, then it is merely a "status offense." See A.D., 736 N.E.2d at 1277. Delinquency adjudications for status offenses are governed by Indiana Code Section 31-37-2-1, which provides:
A child is a delinquent child if, before becoming eighteen (18) years of age, the child:
(1) commits a delinquent act described in this chapter; and
(2) needs care, treatment, or rehabilitation that:
(A) the child is not receiving;
(B) the child is unlikely to accept voluntarily; and
(C) is unlikely to be provided or accepted without the coercive intervention of the court.
Status offenses include leaving home without permission,[3] truancy,[4] habitually disobeying the reasonable and lawful commands of the child's parent, guardian, or custodian,[5] violating curfew,[6] and violating laws concerning minors and alcoholic beverages.[7] Thus, juveniles may only be adjudicated delinquent if they committed one of these delinquent acts and the court finds that the child is in need of care, treatment, or rehabilitation. N.J.R. v. State, 439 N.E.2d 725, 727 n. 4 (Ind.Ct.App.1982).

3. Analysis
To be clear, juvenile delinquency adjudications for status offenses are subject to the two-prong inquiry under Section 31-37-2-1. Here, the juvenile court adjudicated R.B. a delinquent for truancy, so our inquiry is limited to the law governing status offenses. See A.D., 736 N.E.2d at 1277. To support a true finding, there must be sufficient evidence for the juvenile court to determine that R.B. committed the act of truancy and that he also needs care, treatment, or rehabilitation. R.B. argues that the court made no finding under the second prong. To the extent that he suggests a particular finding must be made, we disagree.
In G.N., 833 N.E.2d at 1075-77, this Court recently determined, without a challenge to the second prong of Section 31-37-2-1, that sufficient evidence supported a truancy adjudication. A unanimous panel of this Court held that an affidavit listing G.N.'s fifteen unexcused absences from September of 2003 through December of 2003 was sufficient evidence to support her delinquent adjudication. Here, R.B.'s attendance record is even more impressive: in a similar time period, he accumulated twenty-three full-day unexcused absences in addition to twenty-eight other days on which he was unexcused for less than the full day. Consequently, we hold that the affidavit entered *1285 as State's Exhibit 1 is sufficient to show that R.B. committed the act of truancy.
Next, we address whether the evidence presented was sufficient to establish the second prong of Indiana Code Section 31-37-2-1. As R.B. correctly points out in his brief, the primary objective of statutory interpretation is to determine and give effect to legislative intent. In re K.B., 793 N.E.2d 1191, 1197 (Ind.Ct.App.2003). Courts must therefore consider the goals of the statute and the reasons and policy underlying its enactment. Id. The legislature's meaning and interpretation are to be determined not only from the language of the statute, but also its nature, design, and the consequences that flow from reasonable alternative interpretations of it. Id. Statutes pertaining to the same general subject matter are in pari materia and should be interpreted together so as to produce a harmonious statutory scheme. Id.
Bearing these rules in mind, we examine the statutes at issue in this case. Indiana Code Section 20-33-2-1 provides: "The legislative intent for this chapter is to provide an efficient and speedy means of insuring that students receive a proper education whenever it is reasonably possible." Thus, where a child's absence from school rises to the level of a delinquent act, it follows that the need to be in school on a regular basis is the very care, treatment, or rehabilitation contemplated by Section 31-37-2-1. A poor attendance record like the one in this case implicitly indicates that this need is not being met, is not going to be accepted voluntarily by the child, and is unlikely to be provided or accepted without the coercive intervention of the court.
Furthermore, the juvenile court adjudicated R.B. delinquent immediately after hearing his closing argument that the State produced no evidence regarding R.B.'s need of care, treatment, or rehabilitation. The court answered, in relevant part:
Show the State has presented their evidence and parties uh have given a closing argument. State, uh the Court will find the State has proven this allegation of truancy beyond a reasonable doubt. The Court has no question with regards to the certified records. Uh that he has had unexcused absences the date charged and continues to have them. Uh adjudicate him to be a delinquent child, under truancy as a status offense.
(Tr. at 16) Discussing R.B.'s disposition, the court went on: "The goal here [R.B.] is to make sure that you get in school." (Tr. at 17) Thus, the record indicates the juvenile court's recognition of R.B.'s need of care, treatment, or rehabilitation.
The State presented sufficient evidence to establish each element of Section 31-37-2-1.
Affirmed.
BAKER, J., and NAJAM, J., concur.
NOTES
[1] Ind.Code § 31-37-2-3.
[2] R.B. was placed on probation which included, among other things, requirements of sign in and sign out sheets at school, written medical excuses for absences or tardies, and a 7:30 p.m. curfew on weekdays. R.B. does not dispute his disposition.
[3] Ind.Code § 31-37-2-2.
[4] Ind.Code § 31-37-2-3.
[5] Ind.Code § 31-37-2-4.
[6] Ind.Code § 31-37-2-5.
[7] Ind.Code § 31-37-2-6.