v.

STATE of Indiana, Appellee–Petitioner.

No. 67A01–1101–JS–19.

Court of Appeals of Indiana.

Aug. 17, 2011.

Joel C. Wieneke, Greencastle, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

C.S. appeals his juvenile adjudication as a delinquent child for violating the compulsory school attendance law[1] ("attendance law"), a status offense, contending that the evidence was insufficient to support the adjudication.

We reverse.

## FACTS AND PROCEDURAL HISTORY

During the fall semester of 2010, C.S. was a sophomore at North Putnam High School ("North Putnam"). He presented a number of issues for the school faculty and administration regarding his attitude, academic performance and hygiene. In addition, he received several notations in his attendance record for being tardy or absent. Being tardy at North Putnam means that the student is not in his seat at the time the bell rings at the end of the period for passing between classes, and being absent from class without excuse may include showing up to class late beyond mere tardiness. *Tr.* at 20–21. C.S. had one full-day, unexcused absence, and was marked absent from class without excuse for five class periods and tardy twelve times during the fall semester. *Appellant's App.* at 7.

Upon learning about the tardiness, C.S.'s mother grounded him. Thereafter, C.S. incurred no further tardy or unexcused absence on his attendance record during the fall semester.

On November 29, 2010, the juvenile court at the request of the school authorized the State to file a delinquency petition alleging that C.S. violated the attendance law. C.S. entered his denial at the initial hearing. Following a fact-finding hearing on the matter, the juvenile court entered a true-finding that C.S. violated the attendance law and sentenced him to six months formal probation. C.S. now appeals.

## DISCUSSION AND DECISION

■ C.S. contends that the State failed to prove beyond a reasonable doubt that he violated the attendance law. Specifically, C.S. asserts that the State failed to present evidence proving that he was in need of care, treatment, or rehabilitation.

■ When reviewing a claim of insufficient evidence regarding juvenile adjudications, we do not reweigh the evidence

1. *See* Ind.Code § 20–33–2–4.

nor judge the credibility of witnesses, and we consider only the evidence and reasonable inferences favorable to the judgment. *R.B. v. State*, 839 N.E.2d 1282, 1283 (Ind. Ct.App.2005). This court will affirm if there is substantial evidence of probative value to support the judgment. *G.N. v. State*, 833 N.E.2d 1071, 1075 (Ind.Ct.App. 2005). A finding by a juvenile court adjudicating a child to be a delinquent for violation of the attendance law must be based upon proof beyond a reasonable doubt. *See* Ind.Code § 31–37–14–1.

The Indiana General Assembly has chosen to treat juveniles differently based upon the severity of the act committed and treats "criminal offenses" governed under Indiana Code Chapter 31–37–1, differently than "status offenses" under Chapter 31–37–2. *R.B.*, 839 N.E.2d at 1283. A "status offense" is one that would not be a crime if committed by an adult. *Id.* at 1284.

██ Delinquency adjudications for status offenses are governed by Indiana Code section 31–37–2–1, which states:

A child is a delinquent if, before becoming eighteen years of age, the child:

(1) commits a delinquent act described in this chapter; and

(2) needs care, treatment, or rehabilitation that:

(A) the child is not receiving;

(B) the child is unlikely to accept voluntarily; and

(C) is unlikely to be provided or accepted without the coercive intervention of the court.

Thus, we implement a two-prong test: a juvenile may be adjudicated delinquent for a status offense only if the child committed a proscribed delinquent act *and* the court finds that the child is in need of care, treatment, or rehabilitation. *R.B.*, 839 N.E.2d at 1284.

Here, C.S. was adjudicated a delinquent by the juvenile court for committing the status offense of violating Indiana Code chapter 20–33–2 concerning compulsory school attendance. Indiana Code section 20–33–2–4 provides that "a student shall attend either: (1) a public school that the student is entitled to attend under IC 20–26–11; or (2) another school taught in the English language." Additionally, Indiana Code section 20–33–2–5, in pertinent part, states, "A student for whom education is compulsory under this chapter shall attend school each year for the number of days public schools are in session."

C.S. contends that the State failed to prove he was in need of care, treatment, or rehabilitation that he is not receiving, that he is unwilling to accept voluntarily, and that is unlikely to be provided or accepted without the intervention of the court. I.C. § 31–37–2–1.

The only evidence presented by the State relating to C.S.'s need of care, treatment, or rehabilitation in connection with a violation of compulsory attendance law was his attendance record itself showing that C.S. was absent on one full school day and missed at least part of five additional class periods. While the State offered evidence of C.S.'s school performance, it related such performance to C.S.'s attitude, not to his attendance, and the trial court sustained C.S.'s objection to evidence of his attitude, noting that the issue before the court was "whether or not [C.S.] went to school," not the effort or lack of effort that he expended on his school work. *Tr.*, p. 17.

The State asserts that C.S.'s violation of the compulsory attendance law "implicitly show[s] that he was in need of care, treatment, and rehabilitation." *Appellee's* Br. at 3. In *R.B.*, we held that when an excessive amount of absences has been proven,

the need of care, treatment, or rehabilitation may be inferred and that the need to be in school on a regular basis was the very care, treatment, or rehabilitation contemplated. 839 N.E.2d at 1285. *See also* *G.N.*, 833 N.E.2d at 1071.

The present case can be readily distinguished. In *R.B.*, the juvenile had twenty-three full-day, unexcused absences and in *G.N.*, fifteen full-day, unexcused absences. In the present case, C.S. had one unexcused full-day absence. In absence of any other evidence that C.S. was in need of care, treatment or rehabilitation regarding school attendance, we cannot infer such need from a single unexcused absence.

The evidence in the record before us shows that, during the fall of 2010, C.S. without excuse was absent for one full school day, missed at least part of five additional class periods, and was tardy twelve times. C.S.'s mother was cooperative with the school when told about his attendance issues and took disciplinary actions at home. Thereafter, C.S. was no longer absent or tardy. Without more, we find that there is insufficient evidence that C.S. is in need of care, treatment, or rehabilitation, a required element in order to be adjudicated as a delinquent in violation of the attendance law. Therefore, we conclude that insufficient evidence was presented to support C.S.'s adjudication as a delinquent child. Reversed.

BAKER, J., and BROWN, J., concur.