Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 26 2012, 8:40 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| V.R., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1204-JS-187 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Roseanne T. Ang, Magistrate
Cause No. 49D09-1101-JS-19

**October 26, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Respondent, V.R., appeals her adjudication as a delinquent child for truancy, Ind. Code § 31-37-2-3.

We affirm.

## ISSUE

V.R. raises one issue on appeal, which we restate as the following: Whether the State presented sufficient evidence to sustain V.R.'s adjudication as a delinquent child.

## FACTS AND PROCEDURAL HISTORY

V.R. attended Indianapolis Public School No. 346 as an eighth grader in the fall semester of 2010. Between August and December 2010, she accumulated nineteen full-day unexcused absences and five excused absences. Also during the fall semester, V.R. passed a kidney stone and experienced complications from a hernia repair surgery she had undergone in February 2010. Further, V.R. suffers from chronic hives and hereditary angioedema.

In September and October 2010, V.R.'s mother (Mother) was contacted by a teacher at the school regarding the unexcused absences but further unexcused absences occurred. On October 13 and November 4, 2010, the school sent letters to Mother about the absences. The November 4, 2010 letter demanded a certificate of V.R.'s illness or

2

physical incapacity to attend school.[1]  On November 7, 2010, the school social worker, Barbara Woods (Woods), contacted Mother to set up a meeting for November 9, 2010 to discuss V.R.'s absences.  On November 17, 2010, the school sent Mother another letter regarding further absences.  Finally, on December 2, 2010, Woods contacted Mother, who reported she was not aware of V.R.'s "latest absences."  (Appellant's App. p. 20).

On December 14, 2010, Woods referred V.R. to the juvenile court for truancy.  On January 25, 2011, V.R. was given an informal adjustment for three months.  After a three month extension on the informal adjustment, V.R. was determined to not be in compliance.  On September 13, 2011, the juvenile court terminated the informal adjustment.  On September 21, 2011, the State filed a petition for delinquency against V.R.  Thereafter, Mother provided a certificate of incapacity dated November 14, 2011 from one of V.R.'s doctors, which stated that V.R. may suffer from an outbreak of hives every few months, with the condition lasting three or four days.

On February 27, 2012, the juvenile court held a hearing on the petition.  Woods testified about the number of V.R.'s unexcused absences and her meeting with Mother on November 9, 2010.  Mother testified about V.R.'s medical condition, including her prior hospitalization and chronic hives.  Mother denied that the school had demanded that she

---

[1] Ind. Code § 20-33-2-18(a) provides that "[i]f a parent of a student does not send the student to school because of the student's illness or mental or physical incapacity, it is unlawful for the parent to fail or refuse to produce a certificate of the illness or incapacity for an attendance officer not later than six (6) days after the certificate is demanded."  The certificate must be signed by an Indiana licensed physician, osteopath, chiropractor, or a Christian Science practitioner residing in Indiana and listed in the Christian Science Journal.  *See* I.C. § 20-33-2-18(b).

provide a certificate of incapacity prior to initiating informal adjustment proceedings. Mother also testified that although V.R. continued to have medical issues arise during the 2011-2012 school year, her absences were excused.

Taking judicial notice of the school calendar, the juvenile court found that the school had demanded a certificate of incapacity on November 4, 2010 but Mother had not provided it to the school within six days thereafter. It also found that the certificate of incapacity provided by Mother, while indicating irregular attendance due to V.R.'s medical condition, did not establish that such medical condition existed at the time of her unexcused absences in 2010. The juvenile court also considered the certificate of incapacity against the dates of V.R.'s absences. It concluded that the dates were not grouped together in a manner to infer that V.R.'s absences coincided with outbreaks of chronic hives diagnosed by her doctor. Consequently, based on these findings, the juvenile court entered a true finding that V.R. was a delinquent child. On March 26, 2011, it entered its Dispositional Order,[2] placing V.R. on four months of probation and issuing a parental participation order for Mother.

V.R. now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

---

[2] We direct V.R.'s attention to Ind. Appellate Rule 46(A)(10), which provides in part that the appellant's brief "shall include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal." Here, V.R.'s brief included an excerpt of the transcript from the February 27, 2012 hearing, rather than the March 26, 2012 Dispositional Order.

4

V.R. argues that the evidence was insufficient to support her delinquency adjudication for truancy. When reviewing a claim of insufficient evidence regarding juvenile delinquency adjudications, we neither reweigh the evidence nor judge witness credibility, and we only consider the evidence and reasonable inferences favorable to the judgment. *R.B. v. State*, 839 N.E.2d 1282, 1283 (Ind. Ct. App. 2005). We will affirm if there is substantial evidence of probative value to support the judgment. *Id.* Under I.C. § 31-37-4-1, a finding by a juvenile court adjudicating a child to be a delinquent for violation of the compulsory school attendance law must be based upon proof beyond a reasonable doubt. *Id.*

Juvenile delinquency adjudications under Indiana law depend on whether the juvenile has committed an act constituting a 'criminal offense' or a 'status offense.' *Id.* Adjudications for criminal offenses are governed by I.C. § 31-37-1-1 and consist of those acts committed by a juvenile that would be criminal offenses if committed by an adult. *See id.* at 1283-84. Adjudications for status offenses are governed by I.C. § 31-37-2-1 and consist of those acts committed by a juvenile that would not be a crime if committed by an adult. *See id.* at 1284. At issue here is the status offense of truancy, *i.e.*, the violation of Indiana's compulsory school attendance laws, I.C. § 20-33-2-1, *et seq.* *See* I.C. § 31-37-2-3.

Ind. Code § 31-37-2-1 provides the following two-prong inquiry to adjudicate juvenile delinquency for status offenses:

> A child is a delinquent child if, before becoming eighteen (18) years of age, the child:

> (1) commits a delinquent act described in this chapter; and
> (2) needs care, treatment, or rehabilitation that:
>> (A) the child is not receiving;
>> (B) the child is unlikely to accept voluntarily; and
>> (C) is unlikely to be provided or accepted without the coercive intervention of the court.

*R.B.*, 839 N.E.2d at 1284. Juveniles may only be adjudicated delinquent if they committed a status offense and the court finds that the child is in need of care, treatment, or rehabilitation. *Id.*

Here, the juvenile court entered a true finding in which it adjudicated V.R. a delinquent child for truancy. V.R. asserts on appeal that the evidence was insufficient to support a finding under the second prong that V.R. "was in need of care, treatment or rehabilitation that she was not receiving, was unlikely to accept voluntarily, and that was unlikely to be provided without the coercive intervention of the court." (Appellant's Br. p. 5). In support, V.R. argues that her medical condition and failure to obtain written medical excuses along with evidence that attendance was not an issue during the following (2011-2012) school year is inadequate proof of her need for care, treatment or rehabilitation under I.C. § 31-37-2-1(2).

We note that the juvenile court is not required to make a finding under the second prong and that proof of an excessive amount of absences allows an inference of the child's need of care, treatment, and rehabilitation. *R.B.*, 839 N.E.2d at 1284. Further, the need to be in school on a regular basis is the very care, treatment, or rehabilitation contemplated. *Id.* In *R.B.*, the delinquent child had twenty-three full-day, unexcused absences. *Id.* In another case, fifteen full-day, unexcused absences sufficed to establish

delinquency. *See G.N. v. State*, 833 N.E.2d 1071, 1075 (Ind. Ct. App. 2005). More recently, however, we concluded that a child with only one full-day, unexcused absence along with evidence that the child incurred no further unexcused absences during the same semester did not permit an inference of the child's need for care, treatment or rehabilitation. *See C.S. v. State*, 953 N.E.2d 1144, 1147 (Ind. Ct. App. 2011).

We conclude that the evidence here was sufficient to establish V.R.'s need for care, treatment and rehabilitation beyond a reasonable doubt. The State presented evidence that V.R. missed nineteen full days of classes without an excuse. V.R. points to her medical condition and failure to obtain doctor's notes to justify these unexcused absences. While we sympathize with the challenges she faces because of her medical condition, her argument is essentially an invitation to conclude that her absences resulted from her medical condition. The juvenile court determined differently and for us to conclude otherwise would require us to reweigh the evidence, which we will not do. *See R.B. v. State*, 839 N.E.2d at 1283. Finally, despite V.R.'s argument that there is no evidence that she would not accept care, treatment or rehabilitation voluntarily, the record presents a contrary view. Following her referral to the juvenile court, V.R. was given an informal adjustment, yet failed to meet its terms, resulting in her discharge from informal adjustment and the filing of a petition for delinquency. As a result, we conclude that the evidence was sufficient to support the juvenile court's determination of V.R.'s delinquency beyond a reasonable doubt.

## CONCLUSION

7

Based on the foregoing, we conclude that V.R.'s delinquency adjudication was supported by sufficient evidence beyond a reasonable doubt.

Affirmed.

BAILEY, J. and CRONE, J. concur