## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2016, 8:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael B. Troemel
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.E.F.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 19, 2016

Court of Appeals Case No.
79A02-1509-JV-1575

Appeal from the Tippecanoe
Superior Court

The Honorable Faith A. Graham,
Judge

Trial Court Cause No.
79D03-1508-JD-133

**Baker, Judge.**

D.E.F. appeals his adjudication for one count of Battery as a Level 6 Felony when committed by an adult,[1] and two counts of Battery as class A misdemeanors when committed by an adult.[2] D.E.F. argues that there is insufficient evidence supporting the adjudication. He also argues that the trial court's disposition of wardship to the Department of Correction (DOC) was an abuse of discretion. Finding that the evidence is sufficient and that the trial court did not abuse its discretion in its dispositional order, we affirm.

## Facts

On July 26, 2015, a group of boys including fifteen-year-old D.E.F. attacked three people at Bauer Park in Lafayette. They first attacked sixteen-year-old L.C., hitting him in the head with brass knuckles, kicking him, and stomping on him. Vonda Dickens identified D.E.F. as one of the boys who hit L.C. Tr. p. 41-42. When Dickens attempted to intervene, the boys began to hit and push her, injuring her ankle to the point that she required hospitalization. The boys then attacked Donnie Derrick, a deacon at a nearby church. The attack left Derrick with a broken wrist, and he later required five stitches above his eye, five stitches below his eye, braces for his teeth, and surgery on his thumb, as a result of the other injuries he sustained. At trial, Derrick identified D.E.F. as one of the boys who hit him. Tr. p. 11-12.

---

[1] Ind. Code § 35-42-2-1(d)(1).

[2] I.C. § 35-42-2-1(c).

On September 8, 2015, the trial court adjudicated D.E.F. delinquent for what would have been one count of Battery as a Level 6 Felony and two counts of Battery as class A misdemeanors, had they been committed by an adult. At the dispositional hearing on September 15, 2015, a Tippecanoe County juvenile probation officer recommended that the trial court transfer custody of D.E.F. to the DOC. The probation officer detailed D.E.F.'s lengthy juvenile history, which included a number of probation violations, an arrest at age ten for battery, an adjudication for theft and conspiracy to commit auto theft in 2012, and an arrest for battery as a class A misdemeanor in 2013. Tr. p. 106-09. The probation officer also testified that wardship to the DOC was the least restrictive option available because the Cary Home, a local residential youth treatment center, would not accept D.E.F. The trial court agreed, ordering wardship to the DOC at the conclusion of the dispositional hearing. D.E.F. now appeals.

# Discussion and Decision

## I. Sufficiency of the Evidence

First, D.E.F. argues that there is insufficient evidence to support his adjudication. To prove D.E.F. committed Battery, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally touched another person in a rude, insolent, or angry manner, resulting in bodily injury to the other person. I.C. § 35-42-2-1(c) (battery resulting in bodily injury); I.C. § 35-42-2-1(d)(1) (battery resulting in moderate bodily injury). Our standard of review for sufficiency of the evidence is well settled:

When we review sufficiency of the evidence claims with respect to juvenile adjudications, we neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment.

*G.N. v. State*, 833 N.E.2d 1071, 1075 (Ind. Ct. App. 2005) (internal citations omitted).

[5] In support of his argument, D.E.F. points to a number of alleged issues with witness testimony at trial. He first claims that the evidence of his battery against Derrick is insufficient because the State did not introduce evidence relating to a photo array police showed to Derrick on July 28, 2015. Tr. p. 17-21. D.E.F. alleges that Derrick was uncertain about his identification of D.E.F. in the photo array. However, both Derrick and another witness testified that D.E.F. was one of the boys who attacked Derrick, seriously injuring him.

[6] D.E.F. also argues that the evidence is insufficient as to his adjudication for battery of L.C. because L.C. testified that D.E.F. did not hit him. Tr. p. 56-57. However, Dickens identified D.E.F. at trial as one of the boys attacking L.C. Tr. p. 76-77. And while D.E.F. claims that the evidence of his adjudication for battery of Dickens is insufficient because she did not know specifically which one of the boys hit and pushed her, Dickens stated at trial that D.E.F. was in the group of boys that attacked her. Tr. p. 44. Considering the evidence in the

light most favorable to the judgment of the trial court, we find the evidence sufficient to sustain the adjudication.

# II. Commitment to DOC

[7]    Next, D.E.F. argues that the trial court's disposition of wardship to the DOC did not comply with Indiana Code section 31-37-18-6. A court's disposition of a juvenile adjudicated a delinquent child will only be reversed if the trial court abused its discretion. J.S. v. State, 881 N.E.2d 26, 28 (Ind. Ct. App. 2008). An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable inferences that can be drawn therefrom. *Id.* Indiana Code section 31-37-18-6 provides that a juvenile court must enter a dispositional decree that:

    (1)    is:

        (A)    in the least restrictive (most family like) and most appropriate setting available; and

        (B)    close to the parents' home, consistent with the best interest and special needs of the child;

    (2)    least interferes with family autonomy;

    (3)    is least disruptive of family life;

    (4)    imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and

(5)     provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

The statute also provides that the disposition must be "consistent with the safety of the community and the best interest of the child." *Id.*

[8]     D.E.F. argues that his placement in the DOC was the most restrictive possible option and that it would be in his best interest to be in the custody of his mother rather than the DOC. He also contends that incarceration in the DOC is not required to ensure the safety of the community because his offenses are not "of the most serious nature." Appellant's Br. p. 11.

[9]     However, evidence was presented at the disposition hearing that D.E.F. has a long list of past adjudications for violent offenses and has violated probation numerous times. A youth treatment center in Tippecanoe County will no longer accept him as a resident, and his most recent offenses resulted in injury to three different members of the community. Accordingly, we do not find that the trial court erred when it transferred custody of the appellant to the DOC.

[10]    The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.