## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 22 2016, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.P.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 22, 2016

Court of Appeals Case No.
03A01-1604-JV-857

Appeal from the Bartholomew
Circuit Court

The Honorable Stephen R.
Heimann, Judge

The Honorable Heather Mollo,
Magistrate

Trial Court Cause No.
03C01-1508-JD-4144

**Robb, Judge.**

# Case Summary and Issue

[1] The juvenile court adjudicated M.P. a delinquent child for committing battery resulting in bodily injury, a Class A misdemeanor if committed by an adult. M.P. appeals his adjudication and raises one issue for our review, which we restate as: whether the State presented sufficient evidence to rebut his claim of self-defense. Concluding the State presented sufficient evidence to rebut M.P.'s assertion he acted in self-defense, we affirm his delinquency adjudication.

# Facts and Procedural History

[2] On April 28, 2015, S.G. went to Taco Bell during lunch to socialize with friends. M.P. and I.J. also went to Taco Bell for lunch. S.G. purchased a drink and went outside to the picnic tables. After learning certain information from a friend, S.G. became upset and threw his drink in the direction of the trash can, near where M.P. was standing. The drink exploded causing soda to spill on M.P.'s clothing, angering M.P.

[3] M.P. placed his belongings on the ground, approached S.G., and struck him three or four times in the face with a closed fist. M.P. then picked S.G. up and slammed him to the ground. S.G. did not fight back and appeared to be "in shock." Transcript at 33. S.G. sustained a bloody nose, abrasions to the side of his body, and pain and swelling to his previously-injured foot. Following the fight, M.P. and I.J. returned to school while S.G. went into the restaurant to call his mother.

[4] The State alleged M.P. was a delinquent child for committing battery resulting in bodily injury and disorderly conduct. At the fact-finding hearing, M.P. admitted to striking S.G. in the face and slamming him to the ground; however, he alleged he acted in self-defense. M.P. claimed S.G. walked towards him and I.J. with his arm drawn back and fist clenched, and swung his arm at a drink sitting on a table near them, causing it to fly in M.P.'s direction. At the conclusion of the fact-finding hearing, the juvenile court took the matter under advisement, but ultimately found M.P. a delinquent child for committing battery resulting in bodily injury. M.P. now appeals his delinquency adjudication.

# Discussion and Decision

## I. Standard of Review

[5] M.P. contends there is insufficient evidence to support his battery conviction because the evidence supports a finding he acted in self-defense. When this court reviews a claim of insufficient evidence regarding a juvenile delinquency adjudication, we neither reweigh the evidence nor judge witness credibility, and we only consider the evidence and reasonable inferences favorable to the judgment. *B.R. v. State*, 823 N.E.2d 301, 306 (Ind. Ct. App. 2005). We will affirm if there is substantial evidence of probative value to support the judgment. *G.N. v. State*, 833 N.E.2d 1071, 1075 (Ind. Ct. App. 2005). The standard for reviewing a challenge to the sufficiency of the evidence to rebut a

claim of self-defense is the same standard applied to any sufficiency of the evidence claim. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000).

## II. Self-Defense

[6] To adjudicate M.P. a delinquent child for committing battery resulting in bodily injury as a Class A misdemeanor, the State needed to prove beyond a reasonable doubt that he knowingly or intentionally touched another person in a rude, insolent, or angry manner, resulting in bodily injury to any other person. Ind. Code §§ 35-42-2-1(b)(1), -(c) (2014).

[7] M.P. challenges his battery adjudication by asserting he acted in self-defense. A valid claim of self-defense is a legal justification to an otherwise criminal act. *Wallace*, 725 N.E.2d at 840. Our self-defense statute states in relevant part:

> A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force . . . .

Ind. Code § 35-41-3-2(c). The amount of force used to protect oneself must be proportionate to the urgency of the situation. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999).

[8] For a successful self-defense claim, M.P. must show that 1) he was in a place where he had a right to be; 2) he acted without fault; and 3) he had a reasonable fear of death or great bodily harm. *Wallace*, 725 N.E.2d at 840. The State has the burden of disproving at least one of the elements of self-defense beyond a

reasonable doubt. *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied*. The State may meet its burden "by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Id.*

[9] Here, the State presented sufficient evidence to demonstrate M.P. did not act without fault. M.P. asserts the evidence demonstrates S.G. approached M.P. with his arm drawn back and fist clenched, justifying his use of force against S.G. However, this argument essentially asks that we assess witness credibility and reweigh the evidence in his favor, which is the role of the fact-finder, not the role of this court. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). The evidence favorable to the judgment demonstrates that S.G. spilled soda onto M.P.'s clothing. Thereafter, M.P. reacted by grabbing S.G., punching him in the face multiple times, and slamming him to the ground. The juvenile court considered M.P.'s testimony S.G. approached him in a threatening manner with his fists clenched but ultimately rejected it, which it had the right to do. *See Wallace*, 725 N.E.2d at 840 (providing that a trier of fact has the right to reject a defendant's testimony supporting a claim of self-defense in light of evidence to the contrary). Thus, M.P.'s actions are more accurately characterized as retaliation, rather than self-defense.

[10] Further, M.P.'s use of force was not proportionate to the urgency of the situation. "Where a person has used more force than is reasonably necessary to repel an attack, the right of self-defense is extinguished, and the ultimate result is that the intended victim then becomes the perpetrator." *Geralds v. State*, 647

N.E.2d 369, 373 (Ind. Ct. App. 1995), *trans. denied*. Even if we accepted M.P.'s argument he was justified in using force to defend himself, it is clear his response went beyond what was necessary or appropriate. At the fact-finding hearing, S.G. testified when M.P. struck him, "I put my hands up. I just stood there." Tr. at 11. Further, I.J. testified S.G. was "in shock, he didn't really do anything." *Id.* at 33. Given S.G.'s passive reaction to M.P.'s actions, it is clear M.P.'s use of force went beyond what would have been "reasonably necessary." *Geralds*, 647 N.E.2d at 373.

# Conclusion

The State presented sufficient evidence to rebut M.P.'s claim that he acted in self-defense, and we therefore affirm M.P.'s delinquency adjudication.

Affirmed.

Mathias, J., and Brown, J., concur.