**Raymond J. DAVIS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8703–CR–314.

Supreme Court of Indiana.

June 13, 1988.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Raymond J. Davis was found guilty by a jury in the Marion Superior Court, Criminal Division Three, of the crimes of Robbery, class B felony, and Conspiracy to Commit Robbery, class B felony. He was sentenced to a term of twenty (20) years on each count, said terms to be served concurrently.

The sole issue raised by Davis in this direct appeal is sufficiency of the evidence.

On May 16, 1985, at approximately 10:30 a.m., Carol Ratliff was working alone at the Clark service station at 1855 North Shadeland Avenue, Indianapolis, Indiana. A man entered the station, threatened Ratliff with a knife and took money belonging to both the station and Ratliff. He took an unknown amount of money from the station, mostly one-dollar bills, along with two tens, and four fives. He also took two rolls of quarters, one roll of dimes, and one roll of nickels. According to Ratliff, the rolls of quarters were distinctive because of the manner in which they were rolled. Also, the roll of nickels was taped on the ends. When Ratliff called the sheriff's department, and again at trial, she described the robber as wearing a light colored jacket and light colored hat. He also held a white terry cloth over his face. A customer, Susan Groves, came in as Ratliff was telephoning authorities. She was able to describe the vehicle used in the escape and that information was relayed to the dispatcher. Groves stated she was at the nearby intersection when she saw a man run from the service station. He wore a light jacket and cap, and had a light colored rag in his pocket. It appeared to her that the man "dove" into the back seat of a dark brown older model Ford. He entered the car on the driver's side and the Ford automobile then sped away. She followed

the car for a short time but lost it. She stated she could never see more than one man in the car.

Officer Paul Jett of the Marion County Sheriff's Department was at the intersection of Shadeland and 21st when he heard a radio broadcast that the suspect's car was southbound on Shadeland Avenue at 16th Street. He headed that way when he saw a car fitting the description northbound on Shadeland Avenue. There was only one occupant in the car. Marion County Deputy Sheriff Cone heard Jett's broadcast that the car was northbound and he stopped the car at Shadeland and 21st. Jett went to the scene with witnesses Groves and Ratliff. This was about twenty minutes after the robbery and Groves identified the car as the one she followed. Jett and Cone found a knife on the front seat, a white terry cloth shirt, a light colored hat, rolled and loose coins, several loose one-dollar bills, and $111.00 from Davis' person. Neither witness was able to identify Davis as the man who committed the robbery and both testified they did not believe Davis was the one who entered the service station. However, Ratliff positively identified the hat and the terry cloth item as those worn and used by the perpetrator. The knife found in the car was also the same size and shape as that used in the robbery. She also positively identified the rolls of coins as those stolen from the Clark station.

A standard for reviewing sufficiency claims is firmly established. We neither reweigh the evidence nor judge the credibility of the witnesses. We are constrained to consider only that evidence most favorable to the verdict together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

A person conspires to commit a felony when with intent to commit the felony he agrees with another person to do so. IC 35-41-5-2. To prove commission of a conspiracy to commit a crime, it is not required that a formal agreement be shown. The agreement as well as the requisite guilty knowledge and intent may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act. *Isom v. State* (1986), Ind., 501 N.E.2d 1074, 1075; *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1080; *Reese v. State* (1983), Ind., 452 N.E.2d 936, 941. Davis concedes the aiding or inducing another to commit an offense is the basis of liability for that offense pursuant to IC 35-41-2-4. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365, 1369. A party who aids another in the commission of an offense commits that offense as the act of one is attributable to the other. *Terry v. State* (1984), Ind., 457 N.E.2d 546, 548. Davis claims that when the evidence is viewed most favorably to the State it indicates the defendant may have been with the actual robber after the commission of the crime. He further contends such presence is a fact which may be considered when determining if a party actually participated in the offense. Davis claims, however, that mere presence is not sufficient evidence of a conspiracy, and cites *Gaynor v. State* (1966), 247 Ind. 470, 217 N.E.2d 156 to support his argument. The general rule is that mere presence in the vicinity for participation in a crime is not enough to make a person guilty of conspiracy to commit that crime. This court also found, however, sufficient facts were presented which overcame the presumption of innocence; therefore the rule was not applicable to Gaynor. Davis contends there must be some agreement prior to the commission of an offense to sustain a conviction for conspiracy. He cites *McBrady v. State* (1984), Ind., 460 N.E.2d 1222 and *Woods v. State* (1980), 274 Ind. 624, 413 N.E.2d 572 to support his argument and claims there is no evidence in the instant case of a prior agreement between himself and anyone else. In determining whether a person aided another to commit an offense, the trier of fact may consider the former's affirmative conduct from which reasonable inference of a common design or purpose to effect the commission of the crime might be drawn. *Byrer v. State* (1981), Ind.App.,

423 N.E.2d 704, 706. The unexplained possession of stolen property shortly after the time of theft is a circumstance from which a jury is entitled to draw inferences of guilt. *Prentice v. State* (1985), Ind., 474 N.E.2d 496, 499; *Muse v. State* (1981), Ind., 419 N.E.2d 1302, 1304. An inference from evidence, to be reasonable, must be coupled with evidence of knowledge or evidence for which knowledge may be reasonably inferred that the criminal conduct is contemplated, in progress, or completed.

Here, a witness saw a man fitting the robber's description dive into the back seat of a car identified less than twenty minutes later as the car Davis was driving. It was reasonable for the trier of fact to infer that the driver of that vehicle was aware the robbery was being committed and was there for the purpose of picking up the robber and taking him from the scene. Items of clothing worn by the robber, which Ratliff positively identified, the knife used in the robbery, and items taken from the Clark station, were found in the vehicle in Davis' possession. Again, the trier of fact had reason to infer that the perpetrator of the robbery exited the vehicle shortly after being picked up, and left behind the stolen items taken so these items and the perpetrator, who could be identified, would be separated. These facts and inferences to be drawn from them show more than mere presence or acquiescence in the commission of the crime. From them the jury could reasonably find Davis guilty of robbery and conspiracy to commit robbery beyond a reasonable doubt.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., votes to affirm the robbery conviction and to reverse the conspiracy conviction.