**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 04 2014, 9:56 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BENJAMIN J. CHURCH**
Olsen & White, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARILEE GARRISON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1312-CR-599 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1204-FC-429

**June 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

At all times relevant to the instant appeal, Appellant-Defendant Marilee Garrison and her daughter, Susan Hilgeman, were members of the Order of the Eastern Star, Chapter #5555 ("Eastern Star"). During the course of her membership in Eastern Star, Garrison became a trusted member of the organization who held various leadership positions within. From 2005 through 2008, Garrison held the position of treasurer. In 2008, Hilgeman became treasurer when Garrison became chapter president. Throughout this time period, Hilgeman, with help from Garrison, stole approximately $290,000 from Eastern Star.

Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Garrison with Class C felony conspiracy to commit theft. Following a bench trial, the trial court found Garrison guilty as charged and sentenced Garrison to a term of four years, all of which was to be served on home detention. On appeal, Garrison contends that the evidence was insufficient to sustain her conviction and that her sentence is inappropriate in light of the nature of her offense and her character. We affirm.

## FACTS AND PROCEDURAL HISTORY

At all times relevant to the instant appeal, Garrison and Hilgeman were members of Eastern Star, a benevolent organization that is connected to the Masonic fraternity. Garrison served as treasurer of Eastern Star between 2005 and 2008. Hilgeman became treasurer in 2008 when Garrison became "worthy matron," which is the official title of the chapter's president. Throughout this time, Hilgeman, with help from Garrison, stole approximately $290,000 from Eastern Star.

On April 19, 2012, the State charged Garrison with Class C felony conspiracy to commit theft. On October 2, 2013, following a bench trial, the trial court found Garrison guilty as charged. On November 5, 2013, the trial court sentenced Garrison to a term of four years of home detention. This appeal follows.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Garrison contends that the evidence is insufficient to sustain her conviction for Class C felony conspiracy to commit theft.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

3

"A person who knowingly or intentionally exerts unauthorized control over property of another person with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." Ind. Code § 35-43-4-2(a). However the offense is a Class C felony if the fair market value of the property is at least $100,000. Ind. Code § 35-43-4-2(a)(1). Further, "[c]onspiracy to commit a felony requires three elements: 1) the intent to commit a felony, 2) an agreement with another person to commit a felony, and 3) an overt act, performed by either the defendant or the person with whom the defendant has entered into the agreement." *Jester v. State*, 724 N.E.2d 235, 239 (Ind. 2000) (citing Ind. Code § 35-41-5-2). "To prove the agreement element of conspiracy, the State need not prove the existence of a formal, express agreement." *Id*. "Rather, the conspiracy may be proved solely on the basis of circumstantial evidence." *Id*. (citing *Vance v. State*, 640 N.E.2d 51 (Ind. 1994)).

In challenging her conviction, Garrison claims that the evidence was insufficient to prove that she intended to commit theft with Hilgeman and that she entered into an agreement with Hilgeman to commit theft. We disagree. In support of the conspiracy charge, the State offered the testimony of Hilgeman, with whom Garrison allegedly conspired. Hilgeman testified during Garrison's trial that she loved Garrison and did not want to see her go to jail and attempted to take full responsibility for writing and cashing the checks in question. Hilgeman, however, stated under oath during her guilty plea hearing, a transcript of which was admitted into evidence as an exhibit during Garrison's trial, that she and Garrison "worked together to take a tremendous amount of money from [Eastern] Star."

4

State's Ex. P., p. 9. Hilgeman's confession during her guilty plea supports the reasonable inference that Garrison and Hilgeman conspired to steal money from Eastern Star.

In addition, the State presented copies of numerous checks that were signed by Garrison and made out to either "cash," Garrison, or Hilgeman. During a recorded interview with an investigating officer, Garrison told the investigating officer that the signature on the checks in question looked like her signature, stated that she could not recall why she had written at least three checks for the amount of $20,000, and conceded that she "really c[ould]n't say" that all of the money paid out in the checks in question was used for the benefit of Eastern Star. State's Ex. B. 52:50-52:54. This evidence also supports the reasonable inference that Garrison and Hilgeman agreed to take advantage of their roles in Eastern Star, which roles gave them access to Eastern Star's bank accounts and to take money from Eastern Star.

Furthermore, the State presented additional evidence that demonstrated that Garrison, together with Hilgeman, attempted to stymie Eastern Star's investigation into the thefts. Garrison resisted requests from other members of Eastern Star to appoint an audit committee, even after the members of Eastern Star voted to create an audit committee. Garrison reluctantly appointed an audit committee only when members of Eastern Star "forced the issue." Tr. p. 178. After this committee was created, Hilgeman repeatedly resisted handing over the organization's financial records to the audit committee, claiming that she was "still working on them" and that the records were not "ready yet." Tr. p. 179. When Hilgeman did provide the records, the records provided were incomplete. The audit committee eventually

5

obtained copies of all financial records, which indicated that Hilgeman, together with Garrison, stole approximately $290,000 from Eastern Star. Garrison's reluctance to investigate whether any funds were missing from Eastern Star's accounts also supports the reasonable inference that she was aware of the missing funds because she had conspired with Hilgeman to steal the funds in question from Eastern Star.

This evidence is sufficient to sustain a reasonable inference that Garrison conspired with Hilgeman to steal from Eastern Star. The record demonstrates that by their acts, Garrison and Hilgeman worked together to steal approximately $290,000 from Eastern Star, and Garrison conceded that she could not guarantee that the money taken was used for the benefit of Eastern Star. As such, we conclude that the evidence is sufficient to sustain Garrison's conviction for Class C felony conspiracy to commit theft. Garrison's claim to the contrary is nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

## II. Appropriateness of Sentence

Garrison also contends that her four-year sentence, which was ordered to be served on house arrest, is inappropriate in light of the nature of her offense and her character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and

6

depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that her sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of her offense, Garrison claims that her sentence is inappropriate because her culpability was negligible when compared to Hilgeman. Specifically, Garrison claims that the record demonstrates that Hilgeman was responsible for nearly, if not all, of the theft. However, as we discussed above, the record demonstrates that Garrison conspired with Hilgeman and aided Hilgeman in stealing approximately $290,000 from Eastern Star. Garrison and Hilgeman committed their acts of theft over a prolonged period that apparently ended only because Eastern Star's coffers began to run dry and other members of the organization became aware of missing funds.

With respect to her character, Garrison claims that her sentence is inappropriate because she is an older woman with no criminal history and is playing a very large role in raising her grandson. We note that Garrison has seemingly led a law abiding life until she and Hilgeman committed the instant theft from Eastern Star and that Garrison was a "very trusted member" of Eastern Star who over several decades had held numerous leadership positions within the organization. Tr. p. 138. Garrison, however, violated that position of trust when she and Hilgeman used their leadership positions in Eastern Star to carry out their crime. We agree with the State's assertion that Garrison's ability to, after so many decades,

7

betray an organization that held her in high esteem is not indicative of a person of good character. Upon review, we conclude that Garrison has failed to meet her burden of proving that her four-year sentence, which again was ordered to be served on house arrest, is inappropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and MAY, J., concur.