# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2020, 11:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kyle D. Gobel
Collier Gobel Homann, LLC
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Yancey Shane Crews, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 29, 2020 <br><br> Court of Appeals Case No. 20A-CR-207 <br><br> Appeal from the Montgomery Circuit Court <br><br> The Honorable Harry A. Siamas, Judge <br><br> Trial Court Cause No. 54C01-1906-F3-1713 |

**Najam, Judge.**

# Statement of the Case

Yancey Shane Crews appeals his convictions, following a jury trial, for one count of dealing in methamphetamine, as a Level 3 felony; three counts of dealing in methamphetamine, as Level 4 felonies; two counts of dealing in methamphetamine, as Level 5 felonies; and for being a habitual offender. Crews raises four issues for our review, which we restate as the following two issues:

1. Whether the trial court abused its discretion when it denied a motion to continue filed by Crews's counsel one week before the scheduled jury trial.

2. Whether the trial court abused its discretion when it overruled Crews's chain-of-custody objection to the admission of the State's drug evidence.

We affirm.

# Facts and Procedural History

Between February and April of 2019, Crawfordsville Police Department Detective Kurt Knecht executed six controlled buys of methamphetamine from Crews at Crews's residence. In each controlled buy, Detective Knecht used the same informant, Jordan Sparrow, and followed substantially similar procedures. The six buys resulted in Crews selling a cumulative total of 18.39 grams of methamphetamine.

[4] The State charged Crews with one count of dealing in methamphetamine, as a Level 3 felony; three counts of dealing in methamphetamine, as Level 4 felonies; two counts of dealing in methamphetamine, as Level 5 felonies; and with being a habitual offender. At his initial hearing on August 28, Crews, *pro se*, requested a speedy trial. The court granted his request and set the trial date for October 29. The court also appointed a public defender to represent Crews. Crews's appointed counsel entered his appearance that same day.

[5] On October 21, the State served Crews with additional discovery, namely, jailhouse recordings of conversations Crews had had with others. Crews filed a motion to continue his jury trial that same day "to allow additional time to complete [d]iscovery, investigate this matter, prepare adequate defenses[,] and determine if depositions need to be taken." Appellant's App. Vol. 2 at 25. Crews further noted that he had "just received 6 new discs" from the State and he "need[ed] time to review" them. *Id.* at 25-26.

[6] The court held a hearing on the motion to continue a few days later. At that hearing, the State noted that it sent the new discs to Crews as soon as the State received them from the local sheriff, and that each disc contained not more than fifteen minutes of recorded conversation. The trial court then denied Crews's motion, noting that Crews's attorney had had "sufficient time" to prepare the case; that if he "felt that the speedy trial was not in [Crews's] best interest a motion to continue should have been filed previous to a couple days ago"; that the court could "see no reason why there [wa]s not adequate time to prepare" as "[t]his is a fairly straightforward case"; that there was no guarantee that the

State's additional discovery would be admitted at trial; and that the court was disinclined to grant the motion so close to the trial date and after the court had issued the summons to prospective jurors. Tr. Vol. II at 12.

[7] At Crews's ensuing jury trial,[1] Detective Knecht and Sparrow both testified about each of the controlled buys. Detective Knecht also testified as to his procedures for submitting seized substances to the Indiana State Police Laboratory. In particular, he testified that he personally sealed the contraband in a bag, signed the seal, and delivered the contraband to the State Police Laboratory in Indianapolis. He further testified that, once the lab tests for each seizure were completed, he personally retook possession of the contraband from the lab and had exclusive and continuous custody of the contraband until the trial.

[8] The State also called Indiana State Police Laboratory forensic scientist Kasondra Montgomery. Montgomery testified that she personally received, opened, tested, and then resealed the contraband seized from each of the six drug buys. She noted that, in the interim between Detective Knecht dropping off the contraband and her testing it, the contraband had been moved to a separate laboratory in Lowell before being transferred back to Indianapolis. She then testified that, for each buy, the substance purchased was

---

[1] Crews renewed his motion to continue at the commencement of his trial, which the court denied.

methamphetamine. She also testified to the weight of the methamphetamine purchased at each buy.

[9] When the State moved to admit Montgomery's test results, Crews objected as follows: "I don't believe there has been a foundation for the chain of custody. This witness has testified they went to two different labs and we've not heard how they got there and back . . . ." Tr. Vol. III at 40. The parties then further examined Montgomery, who testified that the Indianapolis lab received the contraband in a sealed condition, an evidence clerk from the Lowell lab picked up the contraband and transported it to a secure evidence vault at that lab before returning the evidence to the Indianapolis lab, that the contraband remained sealed when Montgomery examined it, and that there was no evidence of tampering with the seal at the time she conducted her examination. The trial court then overruled Crews's chain-of-custody objection.

[10] The jury found Crews guilty as charged. The court entered its judgment of conviction and sentenced Crews accordingly. This appeal ensued.

## Discussion and Decision

### Issue One: The Trial Court's Denial
### of the Motion to Continue

[11] On appeal, Crews first asserts that the trial court abused its discretion when it denied his motion to continue the jury trial. The decision to grant or deny a continuance is generally within the trial court's discretion. *See Blackburn v. State*, 130 N.E.3d 1207, 1210 (Ind. Ct. App. 2019). Decisions on motions made

at the court's discretion are given substantial deference. *Id.* There is always a strong presumption that the trial court properly exercised its discretion. *Id.* We will not disturb the trial court's decision absent a clear demonstration of abuse of discretion resulting in prejudice. *Id.* Continuances "for preparation are not favored." *Vance v. State*, 640 N.E.2d 51, 55 (Ind. 1994).

[12] Crews asserts that the court's concern about delaying a jury trial after it had sent the summons to prospective jurors is not a sufficient basis to deny his request to continue. He also asserts that the court abused its discretion as there was no dispute that he had yet to review the six newly discovered discs of jailhouse conversations. And he states that he was entitled to the motion in order to further prepare his defense or attempt to reach an agreement with the State.

[13] But we cannot say that the trial court abused its discretion. While we have reservations about denying a motion to continue simply because the summons to prospective jurors has been sent, that was not the sole basis for the court's decision here. Rather, in addition, the trial court concluded that Crews's counsel, who filed his appearance on the date of Crews's initial hearing more than seven weeks prior to the motion, had had ample time to prepare for a "fairly straightforward" case, and nothing in Crews's argument on appeal persuades us otherwise. Tr. Vol. II at 12.

[14] Similarly, Crews does not demonstrate that he had inadequate time to review the six discs of recorded conversations Crews had while in jail. The State

asserted to the trial court, and Crews does not suggest otherwise on appeal, that each disc contained about fifteen minutes of recording, and the prosecutor was able to review the entirety of the recordings and have notes prepared in two hours. Crews had the discs for a week prior to trial. Continuances for preparation are not favored, and we cannot say that the trial court abused its discretion when it denied Crews's motion to continue.

### Issue Two: The Trial Court's Rejection of Crews's Chain-of-Custody Objection

[15] Crews also asserts on appeal that the trial court abused its discretion when it admitted Montgomery's lab results as an insufficient chain of custody had not been established. We review the trial court's admission of evidence for an abuse of discretion. *Snow v. State*, 77 N.E.3d 173, 177 (Ind. 2017).

[16] Chain of custody requires the State to give "reasonable assurances that the evidence remained in an undisturbed condition as it passed through various hands." *Williams v. State*, 64 N.E.3d 221, 223 (Ind. Ct. App. 2016). "The State need not establish a perfect chain of custody, and once the State strongly suggests the exact whereabouts of the evidence, any gaps go to the weight of the evidence and not to its admissibility." *Id.*

[17] According to Crews, the State failed to establish a sufficient chain of custody of the contraband because Montgomery did not have personal knowledge that it had been transported from the Indianapolis lab to the Lowell lab and back. But we cannot say the trial court abused its discretion. Detective Knecht testified

that he personally sealed the contraband in various bags, signed the seals, and delivered the contraband to the State Police Laboratory in Indianapolis. Montgomery testified that she retrieved the contraband in its sealed condition at that lab and that there was no indication that the contraband had been tampered with at the time she evaluated it. The transportation of the contraband to and from the Lowell lab in the interim did not negate the State's chain of custody but, at best, went to the weight of the evidence. Accordingly, we cannot say that the trial court abused its discretion when it overruled Crew's objection.[2]

# Conclusion

[18] In sum, we affirm Crews's convictions.

[19] Affirmed.

Bradford, C.J., and Mathias, J., concur.

---

[2] In challenging the admission of the evidence establishing the identity and weight of the methamphetamine, Crews also raises two claims of ineffective assistance of trial counsel. These claims merely represent a continuation of his claim that the trial court abused its discretion in admitting the challenged evidence. However, to the extent that Crews's claims can be read as independent from his claim that the trial court abused its discretion in admitting the challenged evidence, Crews's ineffective-assistance claims fail as he has not established that his trial counsel rendered deficient performance by failing to object to the admission of the evidence. *See State v. Green*, 16 N.E.3d 416, 419 (Ind. 2014) (providing that failure to demonstrate both deficient performance and prejudice is fatal to an ineffective-assistance claim).