## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2016, 9:19 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

David Michael Jones
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Michael Jones,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

January 29, 2016

Court of Appeals Case No.
48A04-1502-PC-84

Appeal from the Madison Superior Court.
The Honorable Dennis D. Carroll, Judge.
Cause No. 48D01-0809-PC-269

**Barteau, Senior Judge**

## Statement of the Case

[1] David Michael Jones appeals from the denial of his petition for post-conviction relief.  We affirm.

# Issues

Jones raises several issues on appeal from the denial of his petition, which we restate as follows:

I. Whether the trial court erred by failing to conduct an *in camera* inspection of Connie Scott's psychiatric records prior to trial;

II. Whether Jones's trial counsel was ineffective by failing to move to dismiss the criminal confinement charge and by failing to locate a witness for trial;

III. Whether Jones's appellate counsel rendered ineffective assistance;

IV. Whether the State engaged in prosecutorial misconduct during Jones's trial;

V. Whether the State committed a discovery violation by adding a witness to its witness list on the day of trial;

VI. Whether there is sufficient evidence to support Jones's conviction for criminal confinement;

VII. Whether the State committed reversible error by failing to file an Evidence Rule 404(b) motion prior to trial;

VIII. Whether the trial court erred by allowing the State to amend the criminal confinement charge on the day of trial; and

IX. Whether the trial court erred by denying Jones's request for a continuance at trial.

# Facts and Procedural History

Jones and Connie Scott were first friends and later became romantically involved. In March 2005, after Jones was paroled from prison for his

conviction of residential entry against Scott, he moved in with her. Two separate incidents between the two led to the filing of further criminal charges against Jones. First, after choking Scott to the point of unconsciousness and extreme pain, and confining her in her home, Jones was charged under Cause Number 48D01-0506-FC-175 ("FC-175"). A few months later, in the presence of several people attending a social gathering at Scott's house, Jones threatened to kill Scott and her cousin. Charges were filed against him related to that incident under Cause Number 48D01-0508-FD-239 ("FD-239").

[4] The charges under FC-175 and FD-239 were consolidated for trial. A jury found Jones guilty of all charges and he was found to be an habitual offender. The trial court imposed an aggregate sentence of forty-five years. Jones appealed raising nine issues for review, and his convictions and sentence were affirmed in a memorandum decision, which provides more factual and procedural detail. *Jones v. State*, No. 48A02-0611-CR-999 (Ind. Ct. App. Nov. 8, 2007), *trans. denied*.

[5] Next, Jones filed a petition for post-conviction relief. In his original petition, Jones raised twenty-seven claims. In his amended petition, Jones added twenty-six subsections to one of the original claims, seven subsections to another of the original claims, and alleged twenty-two separate acts in support of his allegation of ineffective assistance of trial counsel. After the evidentiary hearing was held, the post-conviction court issued findings of fact and conclusions of law denying Jones's petition.

# Discussion and Decision

## Standard of Review

[6] A defendant who has exhausted the direct appeal process may challenge the correctness of his conviction and sentence by filing a post-conviction petition. *Parish v. State*, 838 N.E.2d 495, 499 (Ind. Ct. App. 2005). Post-conviction procedures do not provide an opportunity for a super-appeal. *Id.* Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. *Id.* Post-conviction proceedings are civil proceedings, and a defendant must establish his claims by a preponderance of the evidence. *Id.*

[7] In reviewing the judgment of a post-conviction court, this court considers only the evidence and reasonable inferences supporting its judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of witnesses. *Id.* To prevail on appeal from the denial of post-conviction relief—a negative judgment—the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will the court's findings or conclusions be disturbed as being contrary to law. *Id.* at 469.

# I. Pre-Trial Inspection of Records

Jones claims that the trial court erred by failing to inspect Scott's psychiatric records *in camera* prior to trial.

Not all issues are available in the context of collateral challenges to convictions via post-conviction proceedings. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). The issues must be based on grounds enumerated in the post-conviction rules. *Id.* If an issue was known and available, but not raised on direct appeal, it is waived. *Id.* This issue was known and available, but not raised on direct appeal. As such, this claim is barred by waiver.

# II. Ineffective Assistance of Trial Counsel

In a claim of a violation of the right to effective assistance of counsel, a defendant must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); namely that counsel's performance was deficient, so much so that it fell below an objective standard of reasonableness such that the errors resulted in a denial of the right to counsel, and that counsel's deficient performance prejudiced the defense, such that there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 603.

Jones makes two specific allegations of ineffective assistance. First, he claims that trial counsel should have filed a motion to dismiss the criminal confinement charge. That charge was added by amendment approximately ten days after the omnibus date, October 18, 2005, but well before the start of his

trial on September 5, 2006. He claims that the failure to file the motion was improper in light of the Supreme Court's decision in *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007).

[12] The amended information in FC-175, filed on October 27, 2005, charged Jones with battery resulting in serious bodily injury, and added the charge of criminal confinement, as a Class B felony, as well as an habitual offender allegation. At the time the charges were filed "case law regularly permitted amendments related to matters of substance as long as the substantial rights of the defendant were not prejudiced, regardless of whether the amendments were untimely under I.C. § 35-34-1-5(b)." *Hurst v. State*, 890 N.E.2d 88, 95 (Ind. Ct. App. 2008), *trans. denied*.

[13] The amendment occurred more than ten months prior to Jones's trial. Trial counsel likely determined that there was no prejudice to Jones's substantial rights and that a motion to dismiss likely would fail. On review, we will not lightly speculate as to what may have been an advantageous trial strategy given that counsel should be shown deference in the choice of which strategy is best at the time and under the circumstances. *Whitener v. State*, 696 N.E.2d 40, 42 (Ind. 1998). Additionally, "counsel's representation cannot be deemed to have fallen below an objective standard of reasonableness for failing to anticipate a change in the law." *Overstreet v. State*, 877 N.E.2d 144, 161 (Ind. 2007). The Supreme Court's opinion in *Fajardo* and the legislature's response to the opinion occurred well after the charges were amended and the trial was conducted.

Jones has failed to establish ineffective assistance of trial counsel on this ground.

[14] Next, Jones contends that trial counsel was ineffective for failing to locate a witness, Stephanie Chambers, to testify at trial. At trial, Jones's counsel informed the trial court as follows:

> Ms. Chambers is a pretty transient character. We're trying to find her. We went to two different apartments in The Oaks Apartment complex trying to find her. We had some information about her mother, Diane Taylor. We called her on a cell phone. We believe that Ms. Taylor lived over in Hickory Knoll Apartment complex. We went over there to try and find her there. We eventually did make phone contact with Ms. Taylor but she refused to tell us anything about Ms. Chambers.

Tr. p. 374.

[15] Jones has not come forward with evidence that Chambers could have been found before trial. The record reveals counsel's efforts to locate Chambers. Also, Chambers did not testify at the post-conviction hearing. Therefore, Jones has failed to show what evidence the investigation would have produced. To succeed on a claim of ineffective assistance of counsel for failure to investigate, evidence of what an adequate investigation would have produced is necessary. *Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998). Jones's claim of ineffective assistance of trial counsel fails on this ground as well.

# III. Ineffective Assistance of Appellate Counsel

[16] Claims of ineffective assistance of appellate counsel are considered under the same standard of review as that of claims against trial counsel. *Overstreet*, 877 N.E.2d at 165. A petitioner must show appellate counsel was deficient in his performance and that the deficiency resulted in prejudice to the petitioner. *Id.* Our courts have recognized three basic categories of alleged ineffective representation by appellate counsel. Those categories are denying access to an appeal, failing to raise an issue on appeal, and failing to present an issue completely and effectively. *Bieghler v. State*, 690 N.E.2d 188, 193-95 (Ind. 1997).

[17] Jones argues that appellate counsel was ineffective for failing to raise on direct appeal an issue alleging ineffective assistance of trial counsel based on statements trial counsel made when requesting a continuance that was not granted. Jones fails to develop that argument, however, which results in a waiver of that argument. *Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005), *trans. denied*.

[18] "For the denial of a continuance to be reversible error, the defendant must demonstrate the prejudicial abuse of discretion by a specific showing that additional time would have aided the defense." *Vance v. State*, 640 N.E.2d 51, 56 (Ind. 1994). Jones has failed to make this specific showing. The trial court made a record of the actions that were taken to address counsel's concerns about his readiness for trial. Tr. pp. 70-77.

[19] Which issues to raise is one of the most important strategic decisions appellate counsel makes. *Bieghler*, 690 N.E.2d at 193. On review, we are deferential to appellate counsel's strategic decision to exclude certain issues in favor of others, unless that decision was unquestionably unreasonable. *Id.* at 194. Jones has not demonstrated that this unraised issue was significant and obvious on the face of the record and that the issue was more likely to result in reversal or an order for a new trial than the nine issues raised by appellate counsel on direct appeal. *See id.*

## IV. Prosecutorial Misconduct

[20] Jones contends that several statements made by the prosecutor at trial amount to prosecutorial misconduct. However, Jones does not demonstrate that he objected to the comments at trial.

[21] When a party fails to present a contemporaneous objection at trial asserting an occurrence of prosecutorial misconduct, the issue is waived for appellate review. *Booher v. State*, 773 N.E.2d 814, 817 (Ind. 2002). Therefore, the issue would have been deemed waived had Jones raised it on direct appeal. Nevertheless, the issue was available on direct appeal.

[22] An issue that is waived for failure to raise a contemporaneous objection can be reviewed on direct appeal if the reviewing court determines that a fundamental error occurred. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). However, a petitioner cannot avoid the application of the waiver doctrine in a post-conviction proceeding by arguing that it does not apply because the challenge

raises fundamental error. *State v. Hernandez*, 910 N.E.2d 213, 216 (Ind. 2009). In post-conviction proceedings, allegations of error at trial are generally cognizable only when they show a deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal. *Id.* Because Jones has not made this showing, his claim here fails.

## V. Discovery Violation

[23] Jones argues that a discovery violation occurred at trial when the State added a witness to its witness list the day Jones's trial started. Because this alleged violation occurred at trial it was known and available as an argument on direct appeal. "If an issue was known and available but not raised on appeal, it is waived." *Rouster v. State*, 705 N.E.2d 999, 1003 (Ind. 1999).

## VI. Sufficiency of Evidence

[24] Jones was convicted of criminal confinement. In this appeal he challenges the sufficiency of the evidence supporting that conviction. Specifically, he claims that there was no evidence that Scott's injuries resulted from being removed from one place and taken to another. He also claims that there is no evidence that he used force.

[25] On direct appeal, Jones challenged the sufficiency of the evidence to support his conviction of criminal confinement, arguing that there was no evidence that the victim's injuries were such that they constituted serious bodily injury. *Jones v. State*, No. 48A02-0611-CR-999, slip op. at 11-12 (Ind. Ct. App. Nov. 8, 2007), *trans. denied*. Therefore, these additional challenges to the sufficiency of the

evidence supporting that conviction were available but not raised on direct appeal. As such, these challenges are waived. *See Rouster*, 705 N.E.2d at 1003.

## VII. Evidence Rule 404(b)

Jones argues that the State violated Evidence Rule 404(b) by failing to file a motion ten days prior to trial for permission to play the 911 recording relating to Jones's residential entry conviction involving the same victim. Jones's trial counsel objected to the admission of the evidence at trial. As such, this argument, which was known and available, but not raised on direct appeal, is waived. *Id.*

## VIII. Amendment of Criminal Confinement Charge

Jones claims that the trial court's decision to allow the State to amend the criminal confinement charge on the day of trial was improper. Jones raised this very issue on direct appeal and it was decided adversely. *See Jones v. State*, No. 48A02-0611-CR-999, slip op. at 5-10 (Ind. Ct. App. Nov. 8, 2007), *trans. denied*. If an issue was raised on appeal, but decided adversely, it is res judicata. *Timberlake*, 753 N.E.2d at 597.

## IX. Denial of Continuance

Jones argues that the trial court erred by denying his counsel's request for a continuance. This issue was known and available, but not raised on direct appeal. As such, this issue has been waived. *Id.*

[29] Jones appears to make the additional argument that the trial court's denial amounts to fundamental error. "A petitioner for post-conviction relief cannot avoid the application of the waiver doctrine by arguing that it does not apply because the challenge raises fundamental error." *Hernandez*, 910 N.E.2d at 216. "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.* (quoting *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002)). To the extent this appears to present a claim of ineffective assistance of trial counsel, we address it.

[30] Appellate courts review the denial of motions for continuance for an abuse of discretion. *Davis v. State*, 487 N.E.2d 817, 820 (Ind. 1986). We will find an abuse of discretion where the record shows that the defendant was prejudiced by the failure to grant the continuance. *Id.* Trial counsel explained in his written motion and argument why he sought a continuance. The trial court made a record of the myriad actions that had already been taken to address counsel's concerns about his readiness for trial. Tr. pp. 70-77. The record does not show that Jones was prejudiced by the denial of counsel's motion for continuance. Thus, Jones has not established that he received ineffective assistance of counsel for failure to successfully obtain a continuance.

## Conclusion

[31] In light of the foregoing we affirm the post-conviction court's decision.

[32] Affirmed.

Kirsch, J., and Robb, J., concur.